**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Viktor SAVCHENKO; et al.,**
**Defendants–Appellants.**

No. 04–50045.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Michael Kaplan, Carol M. Lee, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Viktor Savchenko, San Diego, CA, pro se.

David J. Zugman, Esq., San Diego, CA, for Defendants–Appellants.

Before: TASHIMA, FISHER, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Viktor Savchenko appeals his conviction and sentence for conspiracy to possess cocaine aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. app. § 1903(a) and (j) and possession of cocaine with intent to distribute aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. app. §§ 1903(a), (c)(1)(C), and (f). Savchenko was a codefendant tried separately from the defendant whose conviction we upheld in *United States v. Zakharov,* 468 F.3d 1171 (9th Cir.2006).

■ Savchenko contends that the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional because it explicitly removes factual questions regarding jurisdiction from the jury. This argument is foreclosed by *United States v. Perlaza,* 439 F.3d 1149, 1160 (9th Cir. 2006), and *Zakharov,* 468 F.3d at 1176–77. Furthermore, the MDLEA was not unconstitutionally applied in this instance. The district court held a pre-trial hearing and, after taking testimony, properly determined by a preponderance of the evidence that there was a nexus between the cocaine and the United States. *Id.* at 1179. That process was sufficient to meet constitutional concerns.

■ Savchenko next argues that the district court infringed upon his right to testify by not allowing him to testify in a narrative format. The district court did not abuse its discretion, or violate Savchenko's constitutional rights, by requiring

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

him to testify in a question-and-answer format. *See United States v. Gallagher,* 99 F.3d 329, 331–32 (9th Cir.1996) (holding that district court did not abuse its discretion in preventing a defendant, who had previously testified with assistance of counsel, from testifying in a narrative fashion).

■ Savchenko's conviction is affirmed. But because the district court sentenced Savchenko under the previously mandatory sentencing guidelines, we grant a limited remand to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the [federal] sentencing guidelines were advisory." *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

**AFFIRMED in part, REMANDED in part.**